**In re Kevin Alexander Dickson WALTER.**

**No. 10-07-00284-CV.**

Court of Appeals of Texas, Waco.

Sept. 26, 2007.

Thomas J. Baker, Attorney AT Law, Killeen, TX, for Appellant/Relator.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Relator Kevin Alexander Dickson Walter filed a petition for writ of mandamus requesting this Court to vacate the trial court's temporary orders in an underlying divorce action regarding the custody of Walter's children. Walter is a member of the United States Army and is currently deployed to "Kuwait and/or Iraq."

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A trial court clearly abuses its discretion if "it reaches a deci-

sion so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992) (citing *Johnson,* 700 S.W.2d at 917). The relator must establish that the trial court could reasonably have reached only one decision. *Id.*

■ On the day of the temporary orders hearing, counsel for Walter filed a Motion For Continuance Or Application For Stay pursuant to 50 U.S.C.S. Appx. § 522 (LexisNexis Supp.2007). According to that statute, the trial court *shall,* upon application by a person in military service, stay a civil action for a period of not less than 90 days *if* two conditions are met. *Id.* (b)(1) (emphasis added). The two conditions must be included in the application. *Id.* (b)(2). At the very least, Walter's application did not contain the second condition: "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." *Id.* (b)(2)(B). Without both conditions included in the application, the trial court was not required to grant the stay, but only may grant the stay. *See id.* (b)(1) ("the court may on its own motion ...")

Because Walter's application for stay did not include the second condition, we cannot say that the trial court clearly abused its discretion in issuing temporary orders. Accordingly, the petition for writ of mandamus is denied.