TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00007-CV




In the Interest of H.S.J.




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 216,966-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Appellant Stephanie Cacilia Smith appeals the trial court’s order, entered after a
jury trial, denying her request for modification of a divorce decree that named appellee
Deron Alan Jannicke the joint managing conservator with the exclusive right to designate the
primary residence of the couple’s child. In a single issue, Smith complains that the trial court erred
in denying her request for a stay of the proceedings pursuant to the Servicemembers Civil Relief Act. 
See generally 50 U.S.C.A. app. §§ 501-596 (West Supp. 2010). For the reasons that follow, we
reverse the trial court’s order and remand this case for further proceedings consistent with
this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

                        Appellant Stephanie Smith and appellee Deron Jannicke, who both serve in the
United States Army, were divorced in November 2006. In the divorce decree, Jannicke was named
the joint managing conservator with the exclusive right to designate the primary residence of the
couple’s child, H.S.J., without regard to geographic location. Smith subsequently filed a petition to
modify the parent-child relationship, and in July 2008, following Jannicke’s April 2008 deployment
to Afghanistan, Smith and Jannicke agreed to temporary orders granting Smith the right to designate
the child’s primary residence within Bell or Coryell County. In September 2008, while Jannicke was
still serving in Afghanistan, Smith was deployed to Germany, and the couple agreed to further
temporary orders granting Smith the right to designate the child’s residence without regard to
geographic location. The September 2008 agreed orders also provided that Smith was to “return the
child to Bell County, Texas, within 30 days of . . . Jannicke’s return from deployment . . . for
the purpose of a final hearing” and that the matter was to be set for hearing within 30 days of
Jannicke’s return.
                        In June 2009, Jannicke filed a motion for further temporary orders, asking the trial
court to order Smith to return the child to his primary care no later than August 15, 2009, following
his anticipated return from deployment between July 15, 2009, and July 28, 2009. Jannicke set the
motion for hearing on August 5, 2009. Smith obtained leave and made arrangements to return
from Germany for the hearing. She returned on July 26, 2009, and remained in Texas through
August 9, 2009. It is not clear from the record, but it appears that the trial court had a scheduling
conflict and, during the time Smith was in Texas, the hearing was reset for August 19, 2009. On
August 10, 2009, Smith filed a motion for continuance and a request for a stay of the proceedings
pursuant to the Servicemembers Civil Relief Act. See id. § 522(b).
                        Smith’s motion included a statement that she had been given leave to attend the
hearing scheduled for August 5, 2009, but was currently serving on active duty in Germany and was 
unable to return for the hearing on the rescheduled date of August 19, 2009. She requested that the
court stay the proceedings until she was able to return from her deployment in Germany. She
attached a copy of her orders of deployment and a letter from her commanding officer stating that,
although she had been made available to attend the hearing on August 5, 2009, and had returned to
Texas for that purpose, she was scheduled to return to duty on August 10, 2009, and was unable to
return by August 19, 2009, due to mission requirements.
                        At the hearing on August 19, 2009, at which counsel—but not the parties—were
present, the trial court did not expressly rule on Smith’s request for a stay and her counsel’s repeated
requests for a ruling on the motion, but proceeded to address Jannicke’s request for further temporary
orders. The court then ordered that Smith return the child to Jannicke and that the child remain with
him until trial. The case advanced to trial on September 21, 2009. Smith personally appeared
and proceeded to trial. Following three days of testimony, the jury found that the order granting
Jannicke the exclusive right to designate the child’s primary residence should not be modified. This
appeal followed.

ANALYSIS

                        In a single issue, Smith complains that the trial court erred in denying


 her request for 
a stay of the proceedings pursuant to section 522(b) of the Servicemembers Civil Relief Act (Act).



See id. Because Smith complains that the trial court erred in applying the Act, her issue involves
matters of statutory construction, which we review de novo. See Texas Mun. Power Agency v. Public
Util. Comm’n, 253 S.W.3d 184, 192 (Tex. 2007). We look first to the plain language of the statute
and apply its common meaning. First Am. Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex.
2008); Poder v. City of Austin, No. 03-08-00226-CV, 2008 Tex. App. LEXIS 7916, at *15 (Tex.
App.—Austin Oct. 16, 2008, no pet.) (mem. op.). Our primary goal is to give effect to the intent of
the drafting body as expressed in the statute’s language. See Galbraith Eng’g Consultants, Inc.
v. Pochucha, 290 S.W.3d 863, 867 (Tex. 2009).
                        We begin by examining the relevant language of the Act. Section 522(b) of the Act
provides as follows:
 
(b) Stay of proceedings
 
                  (1) Authority for stay
 
                      At any stage before final judgment in a civil action or proceeding in
which a servicemember described in subsection (a) is a party, the court may
on its own motion and shall, upon application by the servicemember, stay
the action for a period of not less than 90 days, if the conditions in
paragraph (2) are met.

                  (2) Conditions for stay
 
                      An application for a stay under paragraph (1) shall include the following:
 
                              (A) A letter or other communication setting forth facts stating the
manner in which current military duty requirements materially affect
the servicemember’s ability to appear and stating a date when the
servicemember will be available to appear.
 
                              (B) A letter or other communication from the servicemember’s
commanding officer stating that the servicemember’s current military
duty prevents appearance and that military leave is not authorized for
the servicemember at the time of the letter.


50 U.S.C.A. app. § 522(b).
                  Under the clear language of the Act, the court “shall, upon application by the
servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph
(2) are met.” Id. § 522(b)(1). Thus, a stay is mandatory if the servicemember complies with
the requirements of section 522(b)(2). Id.; Pandolfo v. Labach, No. CIV 08-0231 JB/RHS,
2010 U.S. Dist. LEXIS 41358, at *8-9 (D. N.M. Apr. 16, 2010). Moreover, the expressly stated
purposes of the Act are “to provide for, strengthen, and expedite the national defense” by extending
far-ranging protections to persons serving in the military so as “to enable [them] to devote their
entire energy to the defense needs of the Nation” and “to provide for the temporary suspension of
judicial . . . proceedings . . . that may adversely affect the civil rights of servicemembers during their
military service.” 50 U.S.C.A. app. § 502. The Supreme Court has held that the Act is to be
construed liberally to prevent prejudice to the rights of servicemembers while serving in the military. 
Boone v. Lightner, 319 U.S. 561, 575 (1943) (“Absence when one’s rights or liabilities are being
adjudged is usually prima facie prejudicial.”); see also Hawkins v. Hawkins, 999 S.W.2d 171, 175
(Tex. App.—Austin 1999, no pet.) (concluding servicemember prejudiced by inability to obtain
leave from military service and trial court erred in refusing to reopen default divorce case pursuant
to the Act).
                  The record reflects that Smith’s request for stay, filed prior to the hearing on
August 19, 2009, substantially complied with the requirements of section 522(b)(2). She provided
her orders establishing her deployment to Germany, a letter from her commanding officer stating that
her mission requirements precluded her return to Texas by the date of the hearing, and a request that
the proceedings be stayed until she was able to return from deployment in Germany.


 
                  Jannicke contends that Smith’s request failed to meet the statutory requirements of
section 522(b)(2) in that it did not state a specific date on which she would be able to return. In
support of this argument, Jannicke cites In re Walter, 234 S.W.3d 836 (Tex. App.—Waco 2007, no
pet.). In re Walter, however, involved a servicemember’s failure to even attempt to meet the second
requirement of section 522(b)(2). Id. at 837. Suggesting possible other omissions, the Walter court
noted, “At the very least, Walter’s application did not contain the second condition,” a letter from
the servicemember’s commanding officer. Id. Here, while Smith did not state a specific date upon
which she would return, she requested a stay until she could return from her deployment. Jannicke
does not contend that Smith failed to meet any other requirement of the Act. Thus, Jannicke
would have us strictly construe the requirements of section 522(b)(2) in contravention of the
Supreme Court’s imperative to construe the Act liberally to give effect to its underlying purposes. 
See Boone, 319 U.S. at 575. We decline to do so.
                  Rather, relying on the plain language of the Act and construing it liberally, and in light
of Smith’s appearance on the scheduled trial date, we conclude that Smith’s request that the
proceedings be stayed until she was able to return from deployment was sufficient to meet the
requirements of section 522(b)(2).


 See id.; First Am. Title, 258 S.W.3d at 631; see also Mawer v.
DaimlerChrysler Corp., C.A. No. C-06-154, 2006 U.S. Dist. LEXIS 54729, at *2-3 (S.D. Tex.
Aug. 7, 2006) (letter stating servicemember unavailable until end of deployment, which would last
at least a year, met requirements of section 522(b)(2)); Hunt v. United Auto Workers Local 1762,
No. 4:04CV2304 GH, 2006 U.S. Dist. LEXIS 12673, at *2-4 (E.D. Ark. Mar. 7, 2006) (stay granted
despite request’s failure to state date servicemember able to proceed or establish that military
duty would prevent participation and leave would be denied); Jean-Batiste v. Lafayette
City-Parish Consol. Gov’t, Civil Action No. 08-1985, 2009 U.S. Dist. LEXIS 29621, at *2, 11
(W.D. La. Apr. 7, 2009) (stay granted after court found motion incomplete and required additional
information, including a project date of termination of deployment, to be provided).


 Because
Smith’s request met the requirements of section 522(b)(2), we further conclude that a stay was
mandatory and the trial court erred in failing to grant Smith’s request for a stay of the proceedings. 
See Pandolfo, 2010 U.S. Dist LEXIS 41358, at *8; see also Mawer, 2006 U.S. Dist. LEXIS 54729,
at *2-3; Hunt, 2006 U.S. Dist. LEXIS 12673, at *2-4.
                  Because we conclude that the trial court erred in declining to follow the mandatory
provisions of the Act, we sustain Smith’s issue.

CONCLUSION

                  Having sustained Smith’s single issue, we reverse the trial court’s order and remand this
case to the trial court for further proceedings consistent with this opinion.
 
 
 
                                                            __________________________________________
                                                            Jan P. Patterson, Justice
Before Chief Justice Jones, Justices Patterson and Henson
Reversed and Remanded
Filed: November 16, 2010