# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00007-CV

## In the Interest of H.S.J.

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 216,966-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephanie Cacilia Smith appeals the trial court's order, entered after a jury trial, denying her request for modification of a divorce decree that named appellee Deron Alan Jannicke the joint managing conservator with the exclusive right to designate the primary residence of the couple's child. In a single issue, Smith complains that the trial court erred in denying her request for a stay of the proceedings pursuant to the Servicemembers Civil Relief Act. *See generally* 50 U.S.C.A. app. §§ 501-596 (West Supp. 2010). For the reasons that follow, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Stephanie Smith and appellee Deron Jannicke, who both serve in the United States Army, were divorced in November 2006. In the divorce decree, Jannicke was named the joint managing conservator with the exclusive right to designate the primary residence of the couple's child, H.S.J., without regard to geographic location. Smith subsequently filed a petition to

modify the parent-child relationship, and in July 2008, following Jannicke's April 2008 deployment to Afghanistan, Smith and Jannicke agreed to temporary orders granting Smith the right to designate the child's primary residence within Bell or Coryell County. In September 2008, while Jannicke was still serving in Afghanistan, Smith was deployed to Germany, and the couple agreed to further temporary orders granting Smith the right to designate the child's residence without regard to geographic location. The September 2008 agreed orders also provided that Smith was to "return the child to Bell County, Texas, within 30 days of . . . Jannicke's return from deployment . . . for the purpose of a final hearing" and that the matter was to be set for hearing within 30 days of Jannicke's return.

In June 2009, Jannicke filed a motion for further temporary orders, asking the trial court to order Smith to return the child to his primary care no later than August 15, 2009, following his anticipated return from deployment between July 15, 2009, and July 28, 2009. Jannicke set the motion for hearing on August 5, 2009. Smith obtained leave and made arrangements to return from Germany for the hearing. She returned on July 26, 2009, and remained in Texas through August 9, 2009. It is not clear from the record, but it appears that the trial court had a scheduling conflict and, during the time Smith was in Texas, the hearing was reset for August 19, 2009. On August 10, 2009, Smith filed a motion for continuance and a request for a stay of the proceedings pursuant to the Servicemembers Civil Relief Act. *See id.* § 522(b).

Smith's motion included a statement that she had been given leave to attend the hearing scheduled for August 5, 2009, but was currently serving on active duty in Germany and was unable to return for the hearing on the rescheduled date of August 19, 2009. She requested that the

court stay the proceedings until she was able to return from her deployment in Germany. She attached a copy of her orders of deployment and a letter from her commanding officer stating that, although she had been made available to attend the hearing on August 5, 2009, and had returned to Texas for that purpose, she was scheduled to return to duty on August 10, 2009, and was unable to return by August 19, 2009, due to mission requirements.

At the hearing on August 19, 2009, at which counsel—but not the parties—were present, the trial court did not expressly rule on Smith's request for a stay and her counsel's repeated requests for a ruling on the motion, but proceeded to address Jannicke's request for further temporary orders. The court then ordered that Smith return the child to Jannicke and that the child remain with him until trial. The case advanced to trial on September 21, 2009. Smith personally appeared and proceeded to trial. Following three days of testimony, the jury found that the order granting Jannicke the exclusive right to designate the child's primary residence should not be modified. This appeal followed.

**ANALYSIS**

In a single issue, Smith complains that the trial court erred in denying[1] her request for a stay of the proceedings pursuant to section 522(b) of the Servicemembers Civil Relief Act (Act).[2]

---

[1] Although the trial court did not expressly rule on Smith's request, the parties agree that by proceeding to address Jannicke's request for further temporary orders, the trial court implicitly denied Smith's request for a stay. An implicit ruling is sufficient to preserve an issue for appellate review. *See* Tex. R. Civ. P. 33.1; *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

[2] As an initial matter, Jannicke asserts that Smith waived her right to complain of the trial court's denial of her request for stay by appearing for her own jury trial setting and proceeding to trial. We disagree. First, we note that although Smith set the case for trial, she did so in accordance with the agreed temporary orders of September 2008. Further, because Smith obtained a ruling on

*See id.* Because Smith complains that the trial court erred in applying the Act, her issue involves

matters of statutory construction, which we review *de novo*. *See Texas Mun. Power Agency v. Public*

*Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). We look first to the plain language of the statute

and apply its common meaning. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex.

2008); *Poder v. City of Austin*, No. 03-08-00226-CV, 2008 Tex. App. LEXIS 7916, at *15 (Tex.

App.—Austin Oct. 16, 2008, no pet.) (mem. op.). Our primary goal is to give effect to the intent of

the drafting body as expressed in the statute's language. *See Galbraith Eng'g Consultants, Inc.*

*v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).

We begin by examining the relevant language of the Act. Section 522(b) of the Act

provides as follows:

**(b) Stay of proceedings**

**(1) Authority for stay**

At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

---

her request for a stay, she did not waive the right to complain on appeal by proceeding to trial. *See* Tex. R. Civ. P. 33.1; *see also State of Texas v. Capitol Feed and Milling Co.*, No. 03-02-00749-CV, 2003 Tex. App. LEXIS 8029, at *5-6 (Tex. App.—Austin Sept. 11, 2003, no pet.) (mem. op.) (announcement of ready after denial of motion for continuance not waiver of right to complain of denial on appeal).

**(2) Conditions for stay**

An application for a stay under paragraph (1) shall include the following:

**(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

**(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C.A. app. § 522(b).

Under the clear language of the Act, the court "shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." *Id.* § 522(b)(1). Thus, a stay is mandatory if the servicemember complies with the requirements of section 522(b)(2). *Id.*; *Pandolfo v. Labach*, No. CIV 08-0231 JB/RHS, 2010 U.S. Dist. LEXIS 41358, at *8-9 (D. N.M. Apr. 16, 2010). Moreover, the expressly stated purposes of the Act are "to provide for, strengthen, and expedite the national defense" by extending far-ranging protections to persons serving in the military so as "to enable [them] to devote their entire energy to the defense needs of the Nation" and "to provide for the temporary suspension of judicial . . . proceedings . . . that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C.A. app. § 502. The Supreme Court has held that the Act is to be construed liberally to prevent prejudice to the rights of servicemembers while serving in the military. *Boone v. Lightner*, 319 U.S. 561, 575 (1943) ("Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial."); *see also Hawkins v. Hawkins*, 999 S.W.2d 171, 175

(Tex. App.—Austin 1999, no pet.) (concluding servicemember prejudiced by inability to obtain leave from military service and trial court erred in refusing to reopen default divorce case pursuant to the Act).

The record reflects that Smith's request for stay, filed prior to the hearing on August 19, 2009, substantially complied with the requirements of section 522(b)(2). She provided her orders establishing her deployment to Germany, a letter from her commanding officer stating that her mission requirements precluded her return to Texas by the date of the hearing, and a request that the proceedings be stayed until she was able to return from deployment in Germany.[3]

Jannicke contends that Smith's request failed to meet the statutory requirements of section 522(b)(2) in that it did not state a specific date on which she would be able to return. In support of this argument, Jannicke cites *In re Walter*, 234 S.W.3d 836 (Tex. App.—Waco 2007, no pet.). *In re Walter*, however, involved a servicemember's failure to even attempt to meet the second requirement of section 522(b)(2). *Id.* at 837. Suggesting possible other omissions, the *Walter* court noted, "At the very least, Walter's application did not contain the second condition," a letter from the servicemember's commanding officer. *Id.* Here, while Smith did not state a specific date upon which she would return, she requested a stay until she could return from her deployment. Jannicke does not contend that Smith failed to meet any other requirement of the Act. Thus, Jannicke would have us strictly construe the requirements of section 522(b)(2) in contravention of the

---

[3] Although there is no good faith requirement in section 522(b)(2), *see* 50 U.S.C.A. app. § 522(b)(2) (West Supp. 2010), we note that Smith's request also showed that she had obtained leave and returned to Texas for the hearing prior to its being reset to a time when she could not return.

Supreme Court's imperative to construe the Act liberally to give effect to its underlying purposes. *See Boone*, 319 U.S. at 575. We decline to do so.

Rather, relying on the plain language of the Act and construing it liberally, and in light of Smith's appearance on the scheduled trial date, we conclude that Smith's request that the proceedings be stayed until she was able to return from deployment was sufficient to meet the requirements of section 522(b)(2).[4] *See id.*; *First Am. Title*, 258 S.W.3d at 631; *see also Mawer v. DaimlerChrysler Corp.*, C.A. No. C-06-154, 2006 U.S. Dist. LEXIS 54729, at *2-3 (S.D. Tex. Aug. 7, 2006) (letter stating servicemember unavailable until end of deployment, which would last at least a year, met requirements of section 522(b)(2)); *Hunt v. United Auto Workers Local 1762*, No. 4:04CV2304 GH, 2006 U.S. Dist. LEXIS 12673, at *2-4 (E.D. Ark. Mar. 7, 2006) (stay granted despite request's failure to state date servicemember able to proceed or establish that military duty would prevent participation and leave would be denied); *Jean-Batiste v. Lafayette City-Parish Consol. Gov't*, Civil Action No. 08-1985, 2009 U.S. Dist. LEXIS 29621, at *2, 11 (W.D. La. Apr. 7, 2009) (stay granted after court found motion incomplete and required additional

---

[4] We note that although there is no requirement in section 522(b) that the military service materially affect the ability of the servicemember to prosecute or defend the action, *see id.* § 522(b), in this case, there was substantial testimony regarding the life of the child in Killeen in the weeks prior to trial which would not have been in evidence had the trial court not failed to stay the proceeding. We also note that, although Jannicke contends that the trial court's order on August 19, 2009, merely required Smith to comply with agreed orders already in place, the two orders were substantially different. The prior agreed orders required Smith to return the child to Bell County for purposes of a final hearing. At the hearing on August 19, 2009, Jannicke requested and the trial court ordered that the child be returned to Jannicke's primary care prior to the final hearing, a change affecting Smith's rights made in her absence, which was *prima facie* prejudicial. *See Boone v. Lightner*, 319 U.S. 561, 575 (1943).

information, including a project date of termination of deployment, to be provided).[5]   Because

Smith's request met the requirements of section 522(b)(2), we further conclude that a stay was

mandatory and the trial court erred in failing to grant Smith's request for a stay of the proceedings.

*See Pandolfo*, 2010 U.S. Dist LEXIS 41358, at *8; *see also Mawer*, 2006 U.S. Dist. LEXIS 54729,

at *2-3; *Hunt*, 2006 U.S. Dist. LEXIS 12673, at *2-4.

Because we conclude that the trial court erred in declining to follow the mandatory

provisions of the Act, we sustain Smith's issue.

## CONCLUSION

Having sustained Smith's single issue, we reverse the trial court's order and remand this

case to the trial court for further proceedings consistent with this opinion.

---

[5]   Even if we were persuaded by Jannicke's argument that the request failed to meet the statutory requirements by failing to state a precise date on which Smith would be available, we would conclude that the trial court nevertheless abused its discretion in failing to grant the stay. If the statutory requirements are not met, the granting of a stay is discretionary with the court.   50 U.S.C.A. app. § 522(b)(1); *Campos v. Steen*, 2:08-cv-00748-LRH-PAL, 2010 U. S. Dist. LEXIS 56306, at *4 (D. Nev. May 11, 2010); *Bailey v. Robinson*, No. C08-1020RSL, 2009 U.S. Dist. LEXIS 47315, at *1 (W.D. Wash. May 20, 2009).  A court's discretion to grant a stay under the Act should not be withheld based on rigid rules and procedures. *Campos*, 2010 U.S. Dist. LEXIS 56306, at *4 (citing *Boone*, 319 U.S. at 575).

Courts have consistently followed the *Boone* rule of construing the Act liberally and granted stays despite a lack of strict compliance with section 552(b)(2).   *See, e.g.*, *Bailey*, 2009 U.S. Dist. LEXIS 47315, at *1-3 (granting stay despite failure to meet one of conditions of section 522(b)(2)); *Johnson v. City of Philadelphia*, Civil Action No. 07-2966, 2007 U.S. Dist. LEXIS 82563, at *5-6 (E.D. Pa. Nov. 5, 2007) (granting 30-day stay to allow defendant to obtain letter from commanding officer); *Campos*, 2010 U. S. Dist. LEXIS 56306, at *4 (granting stay without letter from commanding officer);  *see also Black v. Camon*, Civil Action No. 7:06-cv-75 (HL), at *4 (M.D. Ga. May 19, 2008) (denying stay for lack of any effort to meet showing required by Act but expressly granting leave to refile with appropriate evidence).  On the record before us, we would conclude that the trial court abused its discretion in not doing so here.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Reversed and Remanded

Filed:  November 16, 2010