

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ELEAZER M. MASIMULA, | § | No. 08-24-00084-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd District Court |
| BETHANY ERIN MASIMULA, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2023DCM2580) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Appellant Eleazer M. Masimula (Husband), a self-represented litigant, appeals from a post-answer default decree of divorce. Among multiple issues, Husband challenges the trial court's jurisdiction, its compliance with federal statutes, and its award of spousal maintenance to Appellee Bethany Erin Masimula (Wife). We overrule all but one issue on appeal. Because a default judgment must be supported by the pleadings, and wife's petition for divorce did not seek an award of spousal maintenance, we conclude the trial court erred by awarding relief not requested. *See* Tex. R. Civ. P. 301; *see also Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). We reverse the judgment in part to the extent it awards spousal maintenance from future earnings and affirm

in part the remainder of the judgment. We modify the decree to remove the award of spousal maintenance and affirm the decree as modified.

## I. BACKGROUND

On May 3, 2023, Wife filed an original petition for divorce. Her petition asserted she had been a domiciliary of Texas for the preceding six-month period and a resident of El Paso County for the preceding 90-day period. She alleged that she and Husband were married on or about June 24, 2006, and she further claimed they ceased to live together as spouses on or about May 2023. The petition asserted the marriage had become insupportable because of discord or conflict of personalities and there existed no reasonable expectation of reconciliation. Wife also asserted that no children were born of the marriage. The trial court referred the case to the associate judge of the court.

On July 18, 2023, Husband filed an answer as an unrepresented party. He entered a general denial and asked to be notified of all hearings in the case. He asserted he owned separate property including a house located in South Africa. His pleading also included a note indicting that he was a service member.

The case was set for a final hearing on November 28, 2023. Wife appeared via Zoom and through her attorney of record, while Husband appeared in person and represented himself. No evidence was presented. Instead, the trial court questioned Husband about whether he had complied with disclosure requirements prior to the hearing. Husband confirmed he had not yet provided his disclosures to Wife as of that date. The trial court noted the information was needed to effectuate a just and right division of the marital estate. After confirming the existence of community property in the marital estate, the trial court decided it would continue the hearing to allow for an exchange of information. At the conclusion of the hearing, the trial court rendered an

interim order whereby it ordered Husband to pay Wife two-thirds of his military basic allowance for housing (BAH) as temporary spousal maintenance, amounting to $1,170 a month. The trial court further ordered Husband to produce and deliver discovery documents to Wife's attorney. It also ordered that, if Husband sold the 2014 Ford F150, he could only do so at fair market value and with Wife's approval. Lastly, the trial court ordered the imposition of standard injunctions while the divorce petition remained pending. The trial court noted the interim order would remain in effect until the signing of the Final Decree of Divorce.

On February 23, 2024, the trial court held the final hearing. At the start of the hearing, the trial court recapped the prior hearing held on November 28, 2023, where both parties had appeared and it entered an interim order. After that hearing, the trial court scheduled the case for a final hearing on January 25, 2024, via Zoom. Husband signed the setting order. On that date, Husband had sent an email to Wife's attorney stating he could not attend due to an illness. The trial court considered the email a viable request for a continuance and reset the case for February 23, 2024. The trial court sent the notice of the February 23 hearing to Husband through his email and FedEx Express mail.

Prior to the start of the February 23 hearing, the trial court received correspondence from Husband where he indicated he was going to have "connectivity problems" and requested a reset of the case for a date after September 2024. The trial court forwarded the correspondence to Wife's attorney, noting it did not permit ex parte communication, and Wife filed a response objecting to a continuance. The trial court additionally noted that, at the prior hearing held in November 2023, Husband had appeared in court dressed in a military uniform. The court noted that Husband outwardly appeared to be a servicemember. However, it further noted he had not invoked relief under the Servicemembers Civil Relief Act.

The trial court found that, although Husband had been duly notified of the final hearing, Husband failed to appear. The trial court then denied what it considered to be a request for a continuance. It then found that Husband made a post-answer default and it allowed the case to continue accordingly. Wife provided testimony as the sole witness of the proceeding. She testified she had resided in El Paso County for at least six months prior to her filing of the petition for divorce. She also provided testimony in support of her proposed division of property and debt. At the conclusion of the hearing, the trial court granted a divorce and rendered relief on Wife's requests.

On April 11, 2024, the trial court signed a Default Final Decree of Divorce granting divorce and dissolving the marriage between them based on insupportability. In dividing the marital property, the trial court awarded Wife all sums of cash and property in her possession or under her sole control. Additionally, the trial court awarded Wife 50% of Husband's retirement benefits and 50% of Husband's thrift savings plan. The trial court also awarded Wife the 2005 Buick in her possession and 50% of any proceeds from the sale of the Ford F-150 in Husband's possession. As for Husband, the trial court awarded to him all the real property located in El Paso, Kansas, and South Africa. Also, Husband was awarded any sums of cash and property in his possession, the remaining 50% of his military retirement benefits, 50% of his TSP, and 50% of the sales proceeds generated from the sale of the Ford F-150. Husband was also awarded the 2019 Jetta Volkswagen in his possession. The trial court also ordered each party to be responsible for the debts associated with their awarded property.

The trial court also awarded to Wife court-ordered maintenance for a period of 18 months in the amount of $1,375 per month, to be paid by Husband beginning on March 1, 2024, and continuing thereafter until September 1, 2025. The trial court also ordered Husband to pay the

4

lump sum of $2,310 to Wife representing unpaid interim spousal maintenance. Finally, the trial court awarded Wife a judgment against Husband in the amount of $8,600 for attorney's fees and expenses.

Husband timely filed a notice of appeal seeking to alter the associate judge's default final decree of divorce signed on April 11, 2024.[1]

## II. Issues on Appeal

In his brief, Husband presents a section titled "issues presented," which includes a list of more than 30 complaints. Multiple topics are mentioned. In the body of the brief, however, the substantive argument neither follows the ordering of topics nor comports with the numbering of the list. Certain areas of Husband's brief quotes to portions of law without any development of analysis or citation to the record. In other areas, the brief includes comments on portions of the record without citing to law. Given this presentation, we first consider our briefing standards before we proceed to address any issues.[2]

---

[1] In her response brief, Wife seeks a dismissal of this appeal based on lack of jurisdiction. She argues that Husband filed a "*de novo* appeal" before an incorrect court and without specifying his objections to the associate court's ruling. *See* Tex. Fam. Code Ann. §§ 201.015 ("De Novo Hearing Before Referring Court"); 201.316 ("Judicial Action on Associate Judge's Proposed Order or Judgment"). We disagree. An associate judge is empowered to render a default final order. *See* Tex. Fam. Code Ann. § 201.007(a)(14) (authorizing an associate judge to render and sign a final default order). Although Husband titled his notice of appeal as a "Notice of De Novo Appeal," it otherwise clarified that he was appealing to the "8th District Court of Appeals." Accordingly, because the associate judge was authorized to render a final default order and Husband timely perfected his appeal, our appellate jurisdiction is authorized by law. *See* Tex. Fam. Code Ann. § 201.007(a)(14); Tex. R. App. P. 25.1(d).

[2] While this appeal was pending, Husband filed two motions that we carried with the case. First, he filed a motion to hold Wife's lawyer in contempt and included a request for sanctions. Because the motion fails to include citation to authorities and to develop its reasoning, we deny the relief requested. Additionally, Husband filed a motion to vacate the temporary order and default judgment. To the extent he challenges the interim order entered by the trial court, it is well-settled that a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order. *See In re E.R.W.*, 528 S.W.3d 251, 257 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Because the trial court since has rendered a final judgment, Mother's complaints about the temporary orders authorizing emergency removal are moot."). As for the default judgment portion of his motion, we address his claims within the body of this opinion. We also deny the second motion.

## III. BRIEFING STANDARDS

Under Texas law, a self-represented litigant is held to the same standards as a licensed attorney and is required to comply with all applicable laws and rules of procedure. *In Interest of M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.); *see also Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied). The Texas Rules of Appellate Procedure require adequate briefing, which includes the making of clear and concise arguments for contentions raised using appropriate citations to authorities and the record. *See ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 880–81 (Tex. 2010) (citing Tex. R. App. P. 38.1(i)).

However, our Supreme Court also instructs that briefs must "be liberally, but reasonably, construed so that the right to appeal is not lost by waiver." *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) (citing Tex. R. App. P. 38.9; *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)); *see also Lion Copolymer Holdings, LLC v. Lion Polymers*, *LLC*, 614 S.W.3d 729, 732 (Tex. 2020). Similarly, we are instructed that courts should hesitate to resolve cases on procedural defects and instead work to resolve cases on the merits. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020) (per curiam). We recognize that in general, substantial compliance with appellate briefing requirements is considered sufficient to preserve error on appeal. *See* Tex. R. App. P. 38.9. However, the briefing requirements are not satisfied by merely uttering brief, conclusory statements unsupported by citations to legal authority. *Jonson v. Duong*, 642 S.W.3d 189, 194 (Tex. App.—El Paso 2021, no pet.). Failing to cite legal authority or provide substantive analysis results in waiver. *Id.* With these principles in mind, we address each issue in turn to the extent we determine it is not otherwise waived.

## IV. TRIAL COURT JURISDICTION

We can liberally interpret two different complaints from Husband where he asserts the trial court lacked jurisdiction to enter its final judgment. First, Husband contends the trial court did not have jurisdiction over the divorce because Wife did not meet the residency requirement. The Texas Family Code provides:

> A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been:
>
> (1) a domiciliary of this state for the preceding six-month period; and
>
> (2) a resident of the county in which the suit is filed for the preceding 90-day period.

Tex. Fam. Code Ann. § 6.301. Husband asserts Wife "abandoned" the El Paso residence on April 20, 2023, before filing suit on May 3, 2023. In support of his complaint, he points to Wife's testimony at the default hearing where she said she lived in Richmond, Virginia. Other than Wife's singular statement, Husband does not otherwise support his assertion that she in fact left El Paso in April 2023. Moreover, at the same hearing, Wife also testified that she had resided in El Paso County for at least six months before filing her petition for divorce. Accordingly, on this record, we conclude there was sufficient evidence for the trial court to conclude that Wife met the residency requirement. We overrule his complaint about residency.

Next, Husband asserts he was not served with citation. It appears he is challenging the service of citation because he did not sign a certificate of delivery.[3] Husband also cites Tex. Fam. Code Ann. §6.4035, which governs waiver of service. However, the record plainly shows that Husband filed an answer and he appeared in person to at least one hearing. Accordingly, any

---

[3] The copy of the return of service Husband points to in the record was submitted by him. There is no return of service filed in the trial court.

complaint Husband had regarding the service of citation is overruled. *See* Tex. R. Civ. P. 124 (stating a judgment shall not be rendered against a defendant unless there was service, acceptance or waiver of process, or if an appearance was made).

Accordingly, we overrule Husband's issues regarding the trial court's jurisdiction.

## V. SERVICEMEMBER CIVIL RELIEF ACT

Next, we construe Husband's complaint as contending the trial court erred in not complying with the Servicemembers Civil Relief Act (the Act). Husband contends the trial court did not "complete due diligence to meet" the requirements of the Act. Liberally construing Husband's brief, he contends (1) the trial court erred in not issuing a stay of the proceedings under the Act and (2) the trial court erred in granting default judgment against him in violation of the Act.

Husband contends that the trial court did not comply with the Act in that it did not grant a stay of proceedings. Specifically, the Act provides that a trial court shall stay an action for a period not less than 90 days when a party files an application for stay meeting § 3932(b)(2)'s requirements. 50 U.S.C.A. § 3932(b)(1). This subsection requires that an applicant provide:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

*Id.* § 3932(b)(2). Thus, the stay is mandatory if the servicemember complies with the requirements of (b)(2). *Id.* § 3932(b)(1). Husband merely cites the section without any development of argument. *See* Tex. R. App. P. 38.1(i). Still, it is clear from the record that Husband did not file an application for stay with the trial court. The only mention of the Act is in an attachment to exhibits Husband filed where he stated:

8

> I pray the court to honor all the provisions and grant me the maximum protections afforded to me under the 50 USC . . .: SERVICEMEMBERS CIVIL RELIEF, as I am in transition between different commanders and also seeking representation in this cause.

There is nothing else in the record to demonstrate Husband complied with the requirements of § 3932(b)(2). Accordingly, we cannot say the trial court abused its discretion in not granting a stay. *See In re Walter*, 234 S.W.3d 836, 837 (Tex. App.—Waco 2007, no pet.).

Next, Husband contends the trial court erred in granting default judgment without complying with the Act. In regard to default judgments, the Act provides:

> If a default judgment is entered in an action . . . against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entered the judgment shall, upon application by or on behalf of the servicemember, open the judgment for the purpose of allowing the servicemember to defend the action of it appears that—
>
> (A) The servicemember was materially affected by reason of that military service in making a defense to the action; and
>
> (B) The servicemember has a meritorious or legal defense to the action or some part of it.

50 U.S.C.A. § 3931(g)(1). Again, Husband does not further develop his argument besides citing to the provision. *See* Tex. R. App. P. 38.1(i). Still, we can conclude that the trial court did not err in entering a default judgment. First, § 3931 of the Act only applies to actions "in which the defendant does not make an appearance." *See* 50 U.S.C.A. § 3931(a). As already addressed, although Husband did not attend the final setting of the final hearing, the record otherwise shows he made other appearances and participated in the case. Therefore, this section of the act does not apply. *See Vandemark v. Jimenez*, No. 01-09-00168-CV, 2010 WL 1241287, at *4 (Tex. App.—Houston [1st Dist.] Apr. 1, 2010, no pet.) (mem. op.) (holding the act did not apply when defendant made a general appearance). Moreover, Husband never requested relief from the default judgment to the trial court in accordance with § 3931(g)(1). *See R & G Transp., Inc. v. Fleetmatics*, No. 01-

9

14-00891-CV, 2016 WL 268553, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, no pet.) (mem. op.) (concluding the trial court did not abuse its discretion in not granting new trial on default judgment when defendant failed to set his motion for new trial for a hearing where he asserted trial court did not comply with the servicemember civil relief act); *In re K.B.*, 298 S.W.3d 691, 693 (Tex. App.—San Antonio 2009, no pet.) (holding the trial court did not err in refusing to set aside default judgment when defendant failed to demonstrate entitled to relief under Servicemembers Civil Relief Act); *but see Hawkins v. Hawkins*, 999 S.W.2d 171, 174–77 (Tex. App.—Austin 1999, no pet.) (holding the trial court erred in not setting aside default judgment when defendant met the requirements of the Servicemembers Civil Relief Act).

Accordingly, we overrule Husband's contentions regarding the Act.

## VI. FEDERAL STATUTES

Next, we address Husband's complaint asserting the trial court violated the laws against peonage, slavery, and trafficking of persons to include his citation to numerous federal statutes. *See* 18 U.S.C.A. § 1581 ("Peonage; Obstructing Enforcement"); 1582 ("Vessels for Slave Trade"); 1583 ("Enticement into Slavery"); 1584 ("Sale into Involuntary Servitude"); 1589 ("Forced Labor"). From what we can interpret from the substance of his argument, Husband contends he was "claimed by [Wife] as (chattel) imported from Africa," he was unable to make the ordered payments, and that the default judgment "ensured [he] remained indebted to [Wife]."

We are not required to speculate about contentions being made in a brief or otherwise contained in legal references that are too general or not readily applicable to the facts and issues in the case. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.); *see also* Tex. R. App. P. 38.1(i). Because Husband cites to multiple federal statutes

without reasoning or explanation, we are unable to decipher his claims in the context of this case. We overrule this issue.

## VII. SPOUSAL MAINTENANCE

Husband also asserts a challenge to the trial court's spousal maintenance order. Specifically, he asserts the trial court "did not complete its due diligence and violated discretion when ordering maintenance for [an] ineligible appellee who wanted a career change."

An award of post-divorce spousal maintenance is, in effect, an award of a spouse's future separate property following the division of community property. *See* Tex. Fam. Code Ann. §8.001(1) (defining maintenance as an award of periodic payments from spouse's future income). We review an award of post-divorce spousal maintenance under an abuse-of-discretion standard. *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet denied). A trial court abuses its discretion by awarding relief to a person who has not requested such relief in a live pleading. *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.). Importantly, a default judgment must be supported by the pleadings. *See* Tex. R. Civ. P. 301; *see also Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (providing a party may not be granted relief in the absence of pleadings to support that relief, unless the request for relief is tried by consent—a situation that cannot occur in the context of a default judgment). Said differently, a judgment not supported by pleadings is erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983).

Here, it is clear from our review of Wife's petition that it does not include any request or pleading for an award of post-divorce spousal maintenance. That is, Husband was not given fair notice of Wife seeking spousal maintenance from his future income and extending for a period after the final decree was signed. By granting relief that was not requested, the trial court erred,

and the error is apparent on the face of the record. Accordingly, she was not eligible for relief that she had not pleaded for by her live petition. We conclude the trial court abused its discretion by awarding Wife spousal maintenance.[4] We sustain Husband's complaint as to spousal support.

## VIII. OTHER COMPLAINTS

Finally, Husband presents a bullet points list of arguments that generally assert the trial court showed "prejudice and bias." But a few pages into his briefing, Husband does not cite to authorities referencing bias but instead to cases regarding the sufficiency of evidence. Still, even though he quotes to law regarding the sufficiency of evidence, he does not otherwise point out or develop an argument asserting which portions of the trial court's judgment he contends are lacking in sufficient evidence. "References to sweeping statements of general law without analysis to the issues presented and without supporting record references do not comply with the appellate briefing rules." *Stillwell v. Stillwell*, No. 03-17-00457-CV, 2018 WL 5024022, at *2 (Tex. App.—Austin Oct. 17, 2018, pet. denied) (mem. op.). Accordingly, we overrule Husband's complaints to the extent they assert a sufficiency challenge. We also overrule all other complaints not otherwise addressed based on briefing waiver. Tex. R. App. P. 38.1(i).

---

[4] We do note that the trial court ordered temporary support based on Husband's BAH in its interim order. This does not change our conclusion that Husband lacked notice of a request for spousal maintenance upon dissolution of the parties' marriage. Although it can be concluded that the issue of temporary support was tried by consent—Husband was present and did not object to the trial court's interim order—the issue of temporary support does not impute notice of a request for future support. Future spousal maintenance cannot be ordered without notice of a request for maintenance that extends after the final decree. *See In Matter of Marriage of Day*, 497 S.W.3d at 90–91 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding husband did not have notice of wife's request for spousal maintenance extending after the final decree was signed even though temporary spousal maintenance was properly pleaded).

## IX. CONCLUSION

Having sustained Husband's issue concerning spousal maintenance, we reverse the spousal-maintenance award in the final divorce decree and render judgment that Wife take nothing on that claim. We modify the final divorce decree to remove the award of spousal maintenance in the amount of $1,375 a month for 18 months. Otherwise, we affirm the decree as modified. *See* Tex. R. App. P. 43.3 (stating the court of appeals must generally render the judgment that the trial court should have rendered); *see also* 43.2(b) (authorizing the court of appeals to "modify the trial court's judgment and affirm it as modified").

GINA M. PALAFOX, Justice

May 13, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.